**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of FIRST STATE BANK OF ALTUS, ALTUS, OKLAHOMA, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. CIV-11-686-M ) |
| GLOBAL INDUSTRIAL MANAGEMENT, LLC; FRED DON ANDERSON; MARK ARCIERO; WILLIAM L. NEWLAND; THOMPSON-DODSON FARMS, LLC; KEITH DODSON; and GERALD RAY SMITH, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

Before the Court is defendants Mark Arciero, William L. Newland, Thompson-Dodson Farms, LLC, Keith Dodson, and Gerald Ray Smith's (collectively "Defendants") Motion for Reconsideration, filed October 26, 2012. On November 14, 2012, plaintiff filed its response, and on November 21, 2012, Defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

Defendants move this Court to reconsider its September 17, 2012 order granting summary judgment to plaintiff and its subsequent Amended Judgment filed on September 28, 2012 on the basis that there is new evidence from the Oklahoma Department of Securities which supports that the loans at issue are exempt from the requirements of 12 U.S.C. § 1823(e) and the *D'Oench*[1]

---

[1] *D'Oench, Duhme & Co. v. Fed. Deposit Ins. Corp.*, 315 U.S. 447 (1942).

doctrine. Specifically, Defendants assert that they received notice that the Oklahoma Department of Securities issued on October 25, 2012 an order that it was initiating an investigation into First State Bank of Altus, Oklahoma ("FSB"), Altus Ventures, and Paul H. Doughty ("Doughty") for selling unregistered securities, including the life settlement contracts at issue in the instant case. Defendants contend that because the Oklahoma Department of Securities has opened this active investigation into FSB, Altus Ventures, and Doughty for the sale of unregistered securities, Defendants' claims are, therefore, not "agreements" and, thus, are not subject to § 1823 and *D'Oench*, and that liability would arise from FSB's failure to register a security in accordance with Oklahoma law.

Plaintiff asserts that Defendants have failed to show that any "newly discovered evidence" warrants reconsideration of the judgment.[2] Specifically, plaintiff asserts that the Oklahoma Department of Securities' mere opening of an investigation does not constitute evidence of anything that could support a defense or counterclaim against anyone; the opening of the investigation neither proves nor tends to prove that the loans for which Defendants are liable were, in fact, unregistered securities under Oklahoma law. Plaintiff further asserts that the opening of the investigation is merely cumulative of other evidence that Defendants had prior to the Court's order and judgment. Finally, plaintiff asserts that the fact that the Oklahoma Department of Securities had opened an investigation is not evidence that would probably produce a different result if the Court considered it.

---

[2]Plaintiffs also assert that Defendants' motion is not timely. Because the Court finds that Defendants have failed to show that there is newly discovered evidence that warrants reconsideration, the Court finds it unnecessary to determine whether Defendants' motion is timely.

To be eligible for relief based upon newly discovered evidence, the moving party must show: "(1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence [was] not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result." *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011) (internal quotations and citation omitted). Having carefully reviewed the parties' submissions, the Court finds that Defendants have not made the requisite showing. Specifically, the Court finds that the newly discovered evidence is merely cumulative of other evidence that Defendants had at the time of the briefing on plaintiff's motion for summary judgment and the Court's entry of judgment. When it commenced this action, plaintiff provided to Defendants the Credit Memorandum prepared by Doughty that describes the collateral arrangement Defendants now seek to allege is a sale of an unregistered security.[3] Further, it appears that as early as January 13, 2011, Defendants' counsel had in his possession the FDIC *Supervisory Insights* publication which included a case study of FSB's Senior Life Settlement loans to these Defendants. *See* January 13, 2011 letter from Todd Taylor to Stanley Jutkowitz, attached as Exhibit 3 to Plaintiff's Brief in Opposition to Defendants' Motion for Reconsideration. The publication described the loan transactions at issue in this case and clearly put Defendants on notice that they might involve violations of securities law. The fact that the Oklahoma Department of Securities has opened an

---

[3] Defendants even referenced the Credit Memorandum in their prior briefing on the motion for summary judgment.

3

investigation into this matter is merely cumulative of the above evidence and is but merely one more piece of evidence regarding whether the loans in question violated the securities laws.[4]

While Defendants had the above-referenced evidence at the time they filed their response brief, Defendants never argued in their response to plaintiff's motion for summary judgment that the loans were unregistered securities and were not subject to § 1823 or *D'Oench*.[5] A motion for reconsideration is not appropriate to "advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). Because Defendants could have, and perhaps should have, raised the issue of whether the loans were unregistered securities and, thus, were not agreements and were not subject to § 1823 or *D'Oench*, the Court finds that Defendants may not raise this issue for the first time in a motion for reconsideration.

Accordingly, the Court DENIES Defendants' Motion for Reconsideration [docket no. 71].

**IT IS SO ORDERED this 8th day of January, 2013.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] The Court would note the weight of the newly discovered evidence is relatively minimal as the Oklahoma Department of Securities has only opened an investigation and has made absolutely no finding regarding the propriety of these loans.

[5] It appears that Defendants were aware of this issue. In their Counterclaim, Defendants alleged that FSB "failed to conduct proper due diligence and confirm the legitimacy of the transactions with state and federal regulations." Defendants' Answer and Counterclaim [docket no. 15] at p. 9, ¶ 17.