## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of FIRST STATE BANK OF ALTUS, ALTUS, OKLAHOMA, | ) ) ) ) | |
| Plaintiff and Judgment Creditor, | ) ) ) ) | |
| v. | ) ) | Case No. CIV-11-686-M |
| (1) GLOBAL INDUSTRIAL MANAGEMENT, LLC; (2) FRED DON ANDERSON; (3) MARK ARCIERO; (4) WILLIAM L. NEWLAND; (5) THOMPSON-DODSON FARMS, LLC; (6) KEITH DODSON; and (7) GERALD RAY SMITH; | ) ) ) ) ) ) ) ) ) ) | |
| Defendants and Judgment Debtors. | ) ) | |

## AMENDED ORDER
## DIRECTING JUDGMENT DEBTORS TO ATTEND ASSET HEARING
## AND ENJOINING JUDGMENT DEBTORS
## FROM TRANSFERRING PROPERTY

This matter is before the Court on the Application of Judgment Creditor Federal Deposit Insurance Corporation, as Receiver of First State Bank of Altus, Altus, Oklahoma ("FDIC-R") for an Amended Order directing Judgment Debtors Thompson-Dodson Farms, LLC ("T-D Farms") and Keith Dodson ("Dodson") to attend an asset hearing and enjoining Dodson and his representatives, assigns, or agents (including his wife, Judyth A. Dodson, individually and as Trustee of the Judyth A. Dodson Revocable

Trust) and T-D Farms and its members, managers, employees, successors, representatives, assigns, or agents from transferring property pending the asset hearing or further order of this Court (Dkt. 124). The Court finds that:

1.      On September 28, 2012, the Court entered a joint and several judgment in favor of FDIC-R and against T-D Farms and Dodson in the principal amount of $1,767,727.72, plus accrued interest in the amount of $646,873.44, for a total amount of $2,414,601.16 (the "Judgment"). (*See* Am. Judgment, Dkt. 65.) The Judgment provided that interest shall accrue at a rate of $567.79 per day from the date of the Judgment until paid.

2.      The Judgment has not been paid or otherwise satisfied.

3.      FDIC-R contends there is a likelihood that T-D Farms, Dodson, or its or his representatives, assigns, or agents (including Judyth A. Dodson) will transfer, sell, conceal, or otherwise dispose of nonexempt property that could be applied to satisfy the judgment.

4.      Since entry of the Court's original Order Directing Judgment Debtors to Attend Asset Hearing and Enjoining Judgment Debtors from Transferring Property, (Dkt. 123), the parties have reached an agreement in principle to settle this matter, subject to FDIC-R's review and approval pursuant to its policies and procedures. The agreement in principle calls for T-D Farms and Dodson to make certain transfers or payments prior to final approval and closing, as well as certain other transfers or payments within a certain period following any such closing. The parties are in agreement that such transfers or payments, if made in accordance with the parties' agreement in principle and/or the terms

2

of any final settlement agreement, not be enjoined or precluded pursuant to this Amended Order.

5.      In addition, the parties have agreed that T-D Farms and Dodson should not be enjoined from transferring, selling, or otherwise disposing of nonexempt property of, or received from, T-D Farms and/or Dodson *for reasonable consideration and in the ordinary course of business*.

6.      The parties have agreed that the asset hearings to be held on June 23 and 24, 2014, should be postponed, subject to rescheduling at a time and place mutually agreeable to the parties in the event the agreement to settle the matter is not finally approved and consummated.

**IT IS THEREFORE ORDERED** that:

1.      The Application of FDIC-R is granted.

2.      T-D Farms, Dodson, and any of their respective representatives, assigns, or agents (including Judyth A. Dodson, individually and as Trustee of the Judyth A. Dodson Revocable Trust) shall not transfer, sell, conceal, or otherwise dispose of any nonexempt property of, or received from, T-D Farms and/or Dodson pending an asset hearing or further order of this Court, *except that the following transactions shall be permitted and not enjoined*:

> a. Transfers or payments made in accordance with the parties' agreement in principle to settle the matter or in accordance with any final settlement agreement between the parties; and

     b.   Transfers, sales, or other disposals of nonexempt property of, or received from, T-D Farms and/or Dodson *for reasonable consideration and in the ordinary course of business.*

3.    In the event that settlement of the matter is not approved or is not consummated, T-D Farms and Dodson shall promptly appear for an asset hearing on a date mutually agreeable to the parties, and shall answer, under oath, the questions of counsel for FDIC-R concerning property that may be used to satisfy the judgment against them in this action.

    **DATED** this 24th day of June, 2014.

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE